# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL DEWAYNE MCCRAY**　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #165654**

V.　　　　　　　　NO. 4:20-cv-00235-JM-ERE

**DALE REED, Chief Deputy**
**Director of ADC,** *et al*.　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.　Procedure for Filing Objections

This Recommendation for dismissal has been sent to Judge James M. Moody, Jr. The parties may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. And, if no objections are filed, the parties may waive the right to appeal questions of fact.

## II. Background

On March 4, 2020, Plaintiff Michael DeWayne McCray, an inmate in the Arkansas Division of Correction, filed a complaint asserting that the Arkansas Sex Offender Registration Act ("Registration Act"), Ark. Code Ann. § 12-12-901 is unconstitutional.[1] *Doc. 1*. He also contends that he and others "suffer collateral consequences" as a result of the Registration Act. *Id*.

Defendants have now filed a motion for judgment on the pleadings. *Doc. 89*. Plaintiff has responded to the motion. *Doc. 95*. The motion is now ripe for review.

## III. Judgment on the Pleadings Standard

When deciding a motion for judgment on the pleadings, the "court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*.

---

[1] Initially, Plaintiff McCray also sought to assert claims "on behalf of" Maury Brandon Jones' mother and sister as well as Mr. McCray's wife, mother, and children. Because Mr. McCray can only pursue claims on his own behalf, the Court treated his case as an individual claim. See *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").
  Accordingly, the Clerk is directed to change the style of the case to reflect that Mr. McCray is the only plaintiff and to eliminate the proposed claims no behalf of others.

## IV. <u>Discussion</u>

Mr. McCray contends the Registration Act is unconstitutional because it is "punitive in design and effect, resulting in banishment, shaming, stigma, and violations of the 1st, 4th 8th, and 14th Amendments" to the United States Constitution. *Doc. 1*. He does not specify which sections of the Amendments are allegedly violated. In any event, similar constitutional claims have already been explicitly rejected by the Court of Appeals for the Eighth Circuit and the Arkansas Supreme Court. In *Weems v. Little Rock Police Dept.*, 453 F.3d. 1010, 1014 (8th Cir. 2006), the Eighth Circuit upheld a lower court decision ruling that:

> [T]he Registration Act is not unconstitutionally vague, that the residency restriction does not violate the equal protection rights of non-property owning Level 3 and 4 sex offenders, that the Act and residency restriction do not violate sex offenders' substantive due process rights, and that the residency restriction does not violate the Ex Post Facto Clause.

Additionally, the Arkansas Supreme Court has noted that "while there may be some punitive characteristics inherent in the registration and notification statute, the Act is essentially regulatory and therefore non-punitive in nature." *Kellar v. Fayetteville Police Dep't*, 339 Ark. 274, 287 (1999).

Mr. McCray also asserts that the law creates unconstitutional stigma around sex offenders and their families. This too has previously been rejected. The United States Supreme Court has held that "the interest in reputation . . . is neither 'liberty'

nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Mr. McCray contends that his status as a sex offender affects his ability to get certain prison job assignments. This does not result in a constitutional violation because an inmate has "no constitutional right to a particular prison job." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*per curiam*).

For all of these reasons, Mr. McCray's constitutional challenge to the Registration Act fails as a matter of law.

## V. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' motion judgment on the pleadings *(Doc. 89)* be GRANTED.

Dated this 24th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE